# United States Court of Appeals for the Fifth Circuit

---

No. 25-10375
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

November 10, 2025

Lyle W. Cayce
Clerk

ARLENE PEREZ-MERINO,

*Plaintiff—Appellant*,

*versus*

CITY OF DALLAS; DARIUS EDBERSON, *Financial Crimes Detective*; RYAN MCCARIT, *Detective, Financial Crimes*; DASHAD YOUNG, *Sergeant*; MARIO X. GARCIA, *Sergeant, Dallas Police Department*; EMANUEL PAULOS, *Police Officer*; MASSAIL SHERWIN, *Police Officer*; NANCY JONES, *Sergeant, Dallas Internal Affairs*; STEPHANIE MCGEE, *Sergeant, Dallas Internal Affairs*; STEPHEN HOYER, *Lieutenant, Dallas Internal Affairs*; NICHOLAS MORRIS, *Lieutenant, Dallas Internal Affairs*; ANTHONY GREER, *Senior Corporal, Dallas Internal Affairs*; EDUARDO GARCIA, *Chief of Police, City of Dallas*; CHRISTOPHER RAY CLARK, *Esq. Mediation Manager, Office of Community Police Oversight*; SIARA MONTOYA OBASUYI, *Policy Analyst, Office of Community Police Oversight*; JOHN CREUZOT, *Dallas District Attorney*; JERRY VARNEY, *Assistant District Attorney, Family Violence Chief, Dallas Division 5*; RYAN SEARCEY, *Assistant District Attorney, Department Chief, Dallas Division 5*; AMY GOSSETT, *Victim Advocate, Family Violence Division, Dallas County District Attorney*; ERIC JOHNSON, MAYOR; ALHELI GARZA, ASSISTANT TO THE MAYOR; MICHELE ANDRE, *Director, Office of Community Policy Oversight*; IRENE ALANIS, *Major, Dallas Internal Affairs*; THE FAMILY PLACE; KRISTA VARNEY, *Chief Client Services Officer for The Family Place*; TRACY A. DREIGHTON, HR INTERIM FOR THE FAMILY PLACE; ALYEAH MIRANDA, *Senior Director of Residential Services, for The Family Place*; RANDALL W. ELMORE, *Vice President of Operations, for The Family Place*; TIFFANY A. TATE-

McDaniel, *Interim CEO and COO*; Tammy Jones, *Sergeant, Dallas Internal Affairs*; Russel Stephens, *Senior Corporal Investigator*; Joseph S. Kennard, *Lieutenant, Dallas Police Department*; Alexis Anderson, *Assistant Manager for The Family Place*,

*Defendants—Appellees.*

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CV-3027

---

Before Stewart, Willett, and Wilson, *Circuit Judges.*

Per Curiam:[*]

Arlene Perez-Merino seeks leave to proceed in forma pauperis (IFP) in this appeal of the district court's dismissal of her civil rights complaint for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). Her IFP motion is a challenge to the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Perez-Merino argues that the district court made various errors in determining that her complaint failed to state a claim for relief. She asserts in conclusory fashion that she made sufficient allegations as to claims of civil rights violations, retaliation, and municipal liability in her lengthy complaint, and that the district court mischaracterized her complaint as repetitive and disorganized. Primarily, however, Perez-Merino contends that the district court did not properly evaluate the attachments she submitted. Perez-Merino has not shown that the extensive documents and other submissions she filed in connection with her complaint undermine the district court's conclusion

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

that she failed to comply with Federal Rule of Civil Procedure 8(a)(2). *See Stevens v. St. Tammany Par. Gov't,* 17 F. 4th 563, 574 (5th Cir. 2021).

Because the report of the magistrate judge (MJ) provided notice of the defects in the complaint, and Perez-Merino had an opportunity to respond and cure the defects within the time for objecting to the report, there was no error in dismissing the complaint with prejudice without providing an opportunity to amend. *See Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016); *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 642-43 (5th Cir. 2007). Relatedly, Perez-Moreno's assertion of a "procedural chokehold" lacks foundation in the record—under the standing order issued by the MJ, she could have obtained approval to amend her complaint. Contrary to Perez-Merino's contentions, the MJ did not improperly make dispositive rulings; rather, it acted pursuant to its authority to conduct pretrial matters and make findings and recommendations. *See* 28 U.S.C. § 636(b)(1).

To the extent Perez-Merino asserts that her request for accommodations under the Americans with Disabilities Act was not granted, she again fails to show a nonfrivolous issue for appeal. Perez-Merino raised her disabilities in the context of a motion for the appointment of counsel; because she has not briefed a challenge the district court's implicit denial of that motion, she has waived the issue. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1983). To the extent Perez-Merino asserts error in the denial of her post-judgment motions, we lack jurisdiction given her failure to timely appeal from the order entered on March 18, 2025, denying such motions. *See Bowles v. Russell*, 551 U.S. 205, 213-14 (2007); 28 U.S.C. § 2107(a).

Perez-Merino's IFP motion is DENIED, and her appeal is DISMISSED as frivolous. Her motions for the appointment of counsel and for a protective order are also DENIED.